# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  vs.<br><br>GEORGE E. ANDERSON and<br>ANDREW SWAN,<br><br>        Defendants. | Case No. 2:11-cr-120-RLH-CWH<br><br>**O R D E R**<br>(Motion in Limine–#44) |

Before the Court is the United States' **Motion in Limine to Exclude Evidence** (#44, filed October 5, 2012), Defendant Swan's Response (#48, filed October 24, 2012), and the United States' Reply (#49, filed October 24, 2012).

The Motion moves to exclude (1) evidence regarding lender negligence or the failure of due diligence; (2) evidence that others engaged in similar schemes; (3) evidence regarding the belief that the lender would not be harmed; and (4) evidence of the state of the economy or the real estate market during and after the time period of the scheme to defraud.

Defendant Swan states that he does not intend to raise the foregoing as defenses, but insists on the right to introduce rebuttal evidence countering government evidence that a bank or lender considered a particular fact in its lending decisions, *i.e.,* that the factor was material.

It is true that the issue of materiality remains important in this case, and the Defendant will not be precluded for presenting evidence as to materiality, or the lack thereof. However, the Government is correct in noting that a false statement is material if it "had a natural *tendency* to

influence, or w[as] *capable* of influencing a person to part with money or property." Thus it is not necessary to prove that a lending institution actually relied on the false statement.

A Defendant will not be permitted to negate materiality with evidence of negligence or failure to conduct due diligence in determining the accuracy of the statement. Such would be misleading and confusing to the jury. However, legitimate evidence demonstrating a lack of materiality will be permitted.

IT IS THEREFORE ORDERED that the United States' **Motion in Limine to Exclude Evidence** (#44) is granted, but this Order is not intended to preclude the assertion of the defense of lack of materiality or any other legitimate defense.

Dated: October 31, 2012.

_____
**Roger L. Hunt**
**United States District Judge**